UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                              No. 05-cr-208-JD

<u>Jonathan Platte</u>


O R D E R

Defendant Jonathan Platte moves the court for an order that the government disclose all updated statements, interview notes, and reports pertaining to any witnesses that the government intends to call at trial.[1]  Although the defendant acknowledges that the government previously disclosed a number of reports pertaining to its interviews with prospective witnesses, the defendant asserts that the government has not produced any interview notes or reports "relative to witness statements made during the course of recent trial preparation."  Disc. Mot. at 1-2.  In the alternative, the defendant requests that the court conduct an <u>in camera</u> review of the interview notes to determine "whether they constitute 'statements' or qualify as <u>Brady</u>/exculpatory information."  <u>Id.</u> at 2.

---

[1] The defendant specifically asks for any statements, interview notes, and reports concerning Bobby Hudson, Murdock Hatfield, Casey Moynihan, Linda Platte, Lawrence Platte, Charlotte True, Mark True, Jeff Skiff and Albert Dodge.

The government contends that on June 26, 2006, and again, on November 27, 2006, it provided the defendant with "all Jencks materials (18 U.S.C. § 3500) involving its trial witnesses" and with "all Giglio . . ., and Brady . . . information on its trial witnesses." Obj. at 2-3.[2]  The government agrees with the defendant that if it should discover any Giglio or Brady material during the course of its trial preparation it would be obligated to disclose that information to the defendant, but states that "no such information exists which has not already been disclosed." Id. at 3.

The government further contends that the defendant is not entitled to discovery of its witness interview notes to the extent that they do not contain Brady and Giglio information.  It argues that such notes are protected under the "work product" exception to the pre-trial disclosure rules. See Fed. R. Crim. P. 16(a)(2).  Additionally, the government suggests that these notes are not "statements" under the Jencks Act. See 18 U.S.C. § 3500(e).

Other than alluding to Brady, the defendant's motion does not provide a legal basis for pre-trial discovery of the

---

[2]See Giglio v. United States, 405 U.S. 150 (1972) (requiring disclosure of all information tending to impeach a government witness); Brady v. Maryland, 373 U.S. 83 (1963) (requiring disclosure of all evidence favorable to the defendant).

interview notes.  Because the defendant argues that the government's interview notes constitute "statements," the government assumes that the defendant is seeking disclosure under the Jencks Act.  In pressing its "work product" argument, the government asserts that the requested documents "are internal government documents prepared during interviews of confidential informants in anticipation of litigation."  Obj. at 4.  To the extent that the interview notes constitute contemporaneous and "substantially verbatim" transcriptions of oral statements made by prospective government witnesses, such statements would be discoverable under the Jencks Act.  United States v. Neal, 36 F.3d 1190, 1197-98 (1st Cir. 1994) (quoting 18 U.S.C. § 3500(e)(2)).

   The defendant, however, may not move for Jencks Act material until after the witness's direct examination at trial, and is only entitled to disclosure to the extent that the statements "relate[] to the subject matter to which the witness has testified."  18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2. Although the government ordinarily agrees to disclosure of Jencks Act statements before trial, in order to avoid a potential mid-trial continuance, it is not obligated to do so.  Here, the defendant has not provided a basis for pre-trial disclosure of the government's interview notes.

Thus, the court denies the defendant's motion to the extent he seeks pre-trial disclosure of the interview notes. Because the defendant may have a colorable claim to Jencks Act material at trial, however, the court grants the defendant's request to review the documents at issue <u>in camera</u>. In reviewing the documents, the court will also be watchful for <u>Brady</u> or <u>Giglio</u> material.

## <u>Conclusion</u>

The defendant's discovery motion (document no. 34) is granted in part and denied in part. The government is ordered to produce to the court, for <u>in camera</u> review, no later than January 16, 2007, all of the witness reports and interview notes for any witness the government intends to call at trial that it has in its possession and that have not been previously disclosed to the defendant.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
_____
Joseph A. DiClerico, Jr.
United States District Judge

January 9, 2007

cc:  Paul J. Garrity, Esquire
     Terry L. Ollila, Esquire